IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REPUBLIC FIRST BANK | : | CIVIL ACTION |
| d/b/a REPUBLIC BANK | : | NO. 13-375 |
| v. | : | |
| | : | |
| 240/242 FRANKLIN AVE LLC | : | |
| and | : | |
| COLONIAL COURT APARMENTS, LLC | : | |

O'NEILL, J.                                                                                 FEBRUARY 25, 2013

## MEMORANDUM

      On February 14, 2013 plaintiff Republic First Bank filed an amended complaint in confession of judgment in connection with a loan that is now in default against defendants 240/242 Franklin Avenue LLC and Colonial Court Apartments. The amended complaint requested, inter alia, $2,220,095.39 in legal fees. Am. Compl. ¶30. This figure was arrived at by multiplying the total outstanding amount of the loan—an amount calculated by summing the outstanding principal, interest and late charges—by fifteen percent. Id. The parties in this case previously entered into a loan agreement which provided for attorneys' fees in the event of default in the amount of fifteen percent of the outstanding balance and expressly agreed that such a fee was reasonable. See e.g., Am. Compl., Ex. J, p. 5. There is, however, nothing in any of the documents submitted in support of plaintiff's complaint in confession of judgment which indicates how this flat rate fee was determined or why it is a reasonable fee.

      "The law is well settled that a warrant of attorney authorizing the confession and entry of a judgment—because it is such an oppressive weapon—must be strictly construed and strictly followed according to and with all its terms." Hous. Mortg. Corp. v. Tower Dev. & Inv. Corp., 167 A.2d 146, 147 (Pa. 1961); see also ESB Bank v. McDade, 2 A.3d 1236, 1244 (Pa. Super. Ct.

1

2010). "Confession of judgment is a powerful tool, because it effectively prevents the debtor from having his day in court." PNC Bank v. Bolus, 655 A.2d 997, 1000 (Pa. Super. Ct. 1995). "Such power must be exercised fairly and with exacting precision." Id. "[A] confessed judgment is properly stricken only when there is a defect in the judgment apparent on the face of the record." Davis v. Woxall Hotel, Inc., 5770A.2d 636, 638 (Pa. Super. Ct. 1990) (citations omitted). A court's inquiry thus "is whether the record as filed by [plaintiff] is adequate to sustain the judgment, or is defective in some way." Id. (citations omitted). "Unless it is evident from the face of the instrument that the judgment is grossly excessive, or includes recovery for items not authorized by the instrument, a challenge to the accuracy of such amounts should be resolved by a petition to open the judgment." Id. at 469.

Pennsylvania law also recognizes "the general principle that contractual damages provisions are unenforceable where they act as penalties rather than liquidated damages." Webster Capital Finance, Inc. v. Chetty Builders, Inc., No. 10-5207, 2011 WL 2039058, at *10 (E.D. Pa. May 20, 2011); see also Pantuso Motors, Inc. v. Corestates Bank, N.A., 798 A.2d 1277, 1281-83 (Pa. 2002) (explaining that liquidated damages are allowable, but a penalty clause, which acts primarily as a contract-breach deterrent, is a punishment and unenforceable on public policy grounds). "An attempt to fix a particular sum as attorney's fees or set a formula for their calculation must meet the same test as a liquidated damages clause." Robins Motor Transp., Inc. v. Associated Rigging & Hauling Corp., 944 F. Supp. 409, 412 (E.D. Pa. 1996), quoting E. Allan Farnsworth, Farnsworth on Contracts, § 12.18, at 295 (1990)). Pennsylvania law thus "requires that a contractual agreement setting attorney's fees be 'reasonable,' and allows for court modification of unreasonable fee provisions." Webster Capital Finance, Inc., 2011 WL 2039058 at *10 (finding that 20% attorney's fee in loan agreements underlying

2

complaint in confession of judgment was unreasonable and an unenforceable penalty clause).
"As such, courts are encouraged to be alert for excessive attorney fees, and to exercise their inherent equitable power to reduce them where appropriate." Textron Fin. Corp. v. Vacation Charters, Ltd., No.11-1957, 2012 WL 760602, at *5 (M.D. Pa. Mar. 8, 2012), citing PNC Bank, 655 A.2d at 1000 (finding charge in complaint in confession of judgment of more than $70,000 for attorney's fees for "what in most cases amounts to filing a single document" was "blatantly unreasonable"); see also Dollar Bank v. Northwood Cheese Co., Inc., 637 A.2d 309, 314 (Pa. Super. Ct. 1994) (court may modify amount of attorney's fee if excessive); McMullen v. Kutz, 985 A.2d 769, 777 (Pa. 2009) (holding that the state's trial courts could review attorneys' fees for reasonableness and reduce them accordingly despite the parties having already contractually agreed the breaching party would pay the attorneys' fees). "Of course, '[w]hat may be reasonable is not necessarily the amount stipulated in the contract.'" Textron Fin. Corp., 2012 WL 760602, at *5, quoting Consumers Time Credit, Inc. v. Remark Corp., 259 F. Supp. 135, 137 (E.D. Pa. 1966) (alterations in original); see also Republic First Bank v. Jemal, No. 10-1009, 2011 WL 4087564, at *8 (E.D. Pa. Sept. 13, 2011) report and recommendation adopted, No. 10-CV-1009, 2011 WL 4344030 (E.D. Pa. Sept. 14, 2011) (finding loan agreement stating plaintiff may confess attorneys' fees in the amount of 15% of the total indebtedness "unreasonably operate[d] as a penalty, which makes them unenforceable").[1]

---

[1] However, "[w]hile Pennsylvania law allows courts in the context of confessions of judgment to reduce unreasonable awards [. . . ], no standard exists to measure the reasonableness of an amount." Ryan v. Butera, Beausang, Cohen & Brennan, 193 F.3d 210, 217 n.13 (3d Cir. 1999) (citations omitted). Nevertheless, "[u]nder Pennsylvania law, what constitutes a reasonable amount of fees and expenses is subject to the court's equitable control." Nationwide Energy Corp. v. Kleiser, No. 84-3517, 1987 WL 10655, at *3 (E.D. Pa. May 7, 1987).

In other contexts, in calculating a reasonable attorney's fee, courts consider:

3

While the parties in this case entered into a contract which provided for attorneys' fees in the amount of fifteen percent in the event of default on the loan and expressly agreed that such a fee was reasonable, see e.g., Am. Compl., Ex. J, p. 5, given the guiding principles discussed above I find further inquiry into First Republic's request for attorneys' fees to be appropriate.

An appropriate Order follows.

---

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Carey v. City of Wilkes-Barre, No. 11-2671, 2012 WL 3608613, at *2 n.3 (3d Cir. Aug. 23, 2012), quoting City of Riverside v. Rivera, 477 U.S. 561, 568 n. 3 (1986).

Similarly, Pennsylvania courts in determining the reasonableness of fees and expenses generally consider:

> the amount and character of the services rendered; the labor, time and trouble involved; the character and importance of the litigation; the amount of money or value of property affected; the professional skill and experience called for; the standing of the attorney in his profession; and the pecuniary benefit derived from the success.

Nationwide Energy Corp. v. Kleiser, No. 84-3517, 1987 WL 10655, at *3 (E.D. Pa. May 7, 1987), citing Huffman Estate (No. 3), 36 A.2d 640, 643 (Pa. 1944).